## AMERICAN NAT. BANK v. HALSELL *et al.*

No. 3377.   Opinion Filed April 14, 1914.

Rehearing Denied June 16, 1914.

(140 Pac. 399.)

1.   **BILLS AND NOTES**—Negotiability—Provision for Attorney Fees —**Defenses.**  A note executed prior to the act taking effect June, 1911, containing a provision for attorney fees, is nonnegotiable and therefore subject to all the equities existing between the original parties.

2.   **APPEAL AND ERROR**—Verdict—Evidence — Fraud — Bills and Notes.  In a suit to enforce the payment of a note, where the maker pleads a failure of consideration, alleging that his execution of the note was caused by the false and fraudulent representations of the payee and indorsee and with notice of the inducing fraud to the holder before his purchase, held that, where there is sufficient evidence to take the case to the jury and reasonably tending to support their finding, the verdict will not be disturbed on appeal.

3.   **SAME.**  Fraud in all its shapes is as odious in law as in equity, and where the evidence of fraud is sufficient to satisfy the mind and conscience of the wrongful conduct charged, the finding in this matter will not be disturbed.  In such cases this court will not review the evidence to ascertain where the weight lies.

4.   **APPEAL AND ERROR**—Brief—Requisites.  Rule 25 adopted by this court (38 Okla. x, 137 Pac. xi), requiring that, ''where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions,'' must be complied with to warrant a review of the same by this court.

5.   **BILLS AND NOTES**—Nonliability of Maker—Effect on Liability of Indorser.  Where there was a motion for judgment non obstante, etc., by a defendant payee of a note against whom a verdict is rendered and by the same jury a verdict is rendered in favor of his codefendant, the maker of the note, upon the grounds that the note is without consideration as to the maker and therefore there is no liability as to him (payee), held, no error in overruling such motion where the proof reasonably shows that such payee colluded with an indorsee and practiced a fraud to obtain said note from the maker, to use the same to discharge his indebtedness to the indorsee, and was benefited by such transaction.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action of the American National Bank, a corporation, against E. L. Halsell and C. M. Bradley. Judgment for defendant Halsell and for plaintiff as to defendant Bradley, and plaintiff brings error. Affirmed.

Plaintiff in error (plaintiff below) sued E. L. Halsell and C. M. Bradley upon a promissory note executed by Halsell payable to Bradley. The note is Exhibit A, which is as follows:

"Muskogee, Okla., Dec. 24th, 1907.

"On or before three years after date, I, we, or either of us promise to pay to C. M. Bradley, or order, fifty-two hundred thirty-five 60-100 dollars for value received, at the Bank of Commerce of Muskogee, Oklahoma, with interest after date at eight per cent. per annum until paid, and ten per cent. on the entire amount as attorney's fees, if placed in the hands of any attorney for collection or suit is filed thereon. The makers and indorsers hereby severally waive protest, demand and notice of protest and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments before or after maturity without prejudice to the holder. Interest payable annually.

"E. L. HALSELL."

Alleging: That prior to the maturity of said note, C. M. Bradley, payee, assigned the same in the usual course of trade, for value, without notice, to one W. E. Rowsey by blank indorsement of the note. That on the 9th day of December, 1910, and before the maturity of said note, the said Rowsey sold and delivered the same to the plaintiff herein, for a valuable consideration, without notice, in the usual course of trade, and the plaintiff thereby became the holder, etc.

The suit is also for interest at eight per cent. from the 24th of December, 1907, and $675 attorney's fee; and alleging that payment has been demanded but refused.

To this petition the defendant C. M. Bradley answered by general denial.

The defendant E. L. Halsell, in his amended answer, admits the execution of the note, but pleads failure of consideration, and that he was induced to execute the note because of the fraud practiced upon him by Rowsey and Bradley; the latter being the payee and the former the immediate indorsee of the note. We

will not state *in extenso* the pleadings of the defendant Halsell, because the opinion sufficiently states the character of fraud and deceit practiced, as alleged, upon Halsell by Rowsey and Bradley.

Plaintiff filed its reply to the answer of Halsell, in which is denied each and every allegation therein contained which is not an express denial or admission of the allegations set forth in the petition. The plaintiff further says that, at the time of the execution of the note in question by defendant Halsell to Bradley and indorsed in blank and delivered to one W. E. Rowsey, the defendant Bradley was indebted to the defendant Rowsey in the sum of $5,235.60, the note evidencing which was held by W. E. Rowsey against Bradley and was secured by certain stock in a certain land company and held as collateral to secure Bradley's note to Rowsey. The reply says: That, both Halsell and Bradley being desirous of having the Bradley stock of the land company which was held as collateral security by Rowsey released so that Bradley could sell and transfer the same to Halsell, it was understood between Rowsey, Bradley, and Halsell that, if Rowsey would surrender the stock and the note that it was given to secure, they would give him (Rowsey) the note of Halsell to Bradley (being Exhibit A), and upon receiving said note from Halsell the said Bradley was to indorse the same and deliver it to him (Rowsey), in consideration of which Rowsey would surrender the collateral stock held as aforesaid and surrender the note of Bradley canceled and paid, which it is alleged he did do. That the consideration for the note sued on was the surrender and cancellation of said note from Bradley to Rowsey and the surrender of said stock in the land company and other valuable considerations from Bradley to Halsell. That the note Bradley gave to Rowsey originally was executed in consideration of borrowed money for which he put up the stock as collateral, and that by surrendering said stock and note Rowsey surrendered all his security and said note and has no other evidence of indebtedness represented by said note. That simultaneously upon the execution of the Halsell note to Bradley (Exhibit A), it was indorsed by Bradley and delivered to Rowsey as the joint and several obligation of the said Halsell and Bradley.

The plaintiff did not sue its immediate indorser, Rowsey.

The cause went to trial to a jury, and two verdicts were returned as follows, omitting the caption and trial number:

"We, the jury in the above-entitled action, duly impaneled and sworn, upon our oaths find the issues for the defendant E. L. Halsell."

This was signed by eleven jurors, including the foreman.

The next verdict, omitting the caption and trial number, is as follows:

"We, the jury in the above-entitled action, duly impaneled and sworn, upon our oaths find the issues for the plaintiff against the defendant C. M. Bradley in the sum of $6,643.37.
                                    "E. C. ALLEY, Foreman."

Upon those two verdicts the court rendered judgment that as to the defendant E. L. Halsell the plaintiff take nothing by this suit, and that he recover from the plaintiff all of his costs, etc. To which plaintiff excepted. It is further adjudged that the plaintiff have and recover of and from the defendant C. M. Bradley the sum of $6,643.37, with interest at the rate of eight per cent. from date of judgment until paid and all its costs in this behalf laid out and expended. To all of which the defendant Bradley excepted.

The case was submitted on May 6, 1911, and verdict rendered on the same day, and journal entry of judgment on the same date. Within the time required by the statute, the bank and Bradley filed separate motions for a new trial. Subsequently the attorneys for the defendant Bradley filed "motion for judgment notwithstanding the verdict"; the first and second grounds being because the verdict is contrary to law and contrary to the evidence, and the third ground is as follows:

"Because the jury, having found by its verdict that the note sued on in this case was executed by the defendant E. L. Halsell in favor of this defendant (Bradley) and indorsed in blank by this defendant and delivered by him to W. E. Rowsey in settlement of a prior existing debt, was void and was obtained by fraud, and that the defendant Halsell was not liable upon the same, it must follow necessarily that there being no liability upon the part of defendant Halsell to W. E. Rowsey or to

the American National Bank, the assignee of said note, there could be no liability upon said note against this defendant (Bradley)."

All of the motions were by the court overruled and exceptions reserved. The bank, as plaintiff in error, brings the case here, with Halsell and Bradley as defendants in error, and it is filed in time. Petition in error by C. M. Bradley, as plaintiff in error, against the American National Bank and E. L. Halsell as defendants in error was filed December 7, 1911, but not attached to a case-made. Briefs for plaintiff in error and for E. L. Halsell, one of the defendants in error, have been submitted; but no brief for Bradley appears.

*W. W. Noffsinger,* for plaintiff in error.

*Samuel M. Rutherford* and *Preston C. West,* for defendant in error E. L. Halsell.

RUSSELL, J. (after stating the facts as above). Briefly stated, the suit of plaintiff in error, plaintiff below, was based upon a promissory note executed and delivered by defendant in error Halsell to Bradley, and by Bradley indorsed to Rowsey, and by the latter indorsed and delivered to the American National Bank, with the allegation that it was transferred before maturity, without notice, and for value.

With like brevity of statement, the contention of the defendant in error Halsell is that he gave the note in question to Bradley, the consideration being that he received a considerable number of shares of stock in the International Land Company; that he was induced to execute and deliver said note (Exhibit A) upon the representations and misrepresentations and fraudulent statements of C. M. Bradley and W. E. Rowsey, acting together, that the stock for which he executed his note was known to them to be very valuable and worth at least three and four times its face value; and that he, being ignorant of the conditions and relying upon their statements, executed the note sued on; and that said statements and representations made by Rowsey and Bradley to him, which induced the execution of the note, were false and fraudulent and known by them to be false and fraudulent; and

that said shares of stock were worthless and without value; and that such facts were known to them when they induced him to execute the note to Bradley and unknown to him, and for this cause there was a failure of consideration, etc.

The briefs of counsel have been prepared with great care and circumspection, and all have exhausted the force of argument and propositions of law in support of their respective contentions. Notwithstanding the elaborateness of their briefs, the various and numerous authorities cited by each, under the pleadings and proof the cause can be narrowed down to practically one proposition; and the conclusion reached as to this proposition disposes of the case as to Halsell and determines the status of Bradley in the cause. The pivotal question presented in the original brief hinges upon the sufficiency of the evidence to support the finding.

As the laboring oar is upon the defendant Halsell to maintain his position in this case, it may be better to consider the evidence and its effect in support of his allegations of fraudulent representations and deceitful conduct that induced him to sign the note. His pleadings are strictly affirmative, covering with precision every necessary allegation that would constitute representations that would induce an involuntary act, and it follows that if this evidence and attendant circumstances in support thereof were reasonably sufficient in the belief of the jury to sustain his pleading he was entitled to a judgment. The honorable trial court, by its instructions to the jury, manifested a clear understanding of the issues that were presented, and, considered as a whole, and especially those features which bear upon the question of fraud and deceit and misrepresentations and the result of such and the means of knowledge of either or all the parties to the transaction, they make it appear that the issues pro and con were submitted. It is our opinion that the law applicable was given the jury, and in such intelligible language as a jury of laymen would understand and be able to apply the evidence thereto.

The note in question in this action is clearly a nonnegotiable instrument under the laws in force at the time of its execution, for it has been repeatedly held that a note containing a provision for a reasonable attorney's fees if collected by suit was not nego-

tiable—though this was changed by the act taking effect June, 1911. That being the case, it necessarily follows that it is subject to all the equities existing between the original parties. *Clowers v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596; *Clevenger v. Lewis,* 20 Okla. 843, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56, and authorities cited therein.

In addition to this, the defendant Halsell testified that the bank, being the plaintiff, had notice before it purchased the note of the fraud practiced upon him and his refusal to pay it. This was denied; yet the issue was left to the jury, and that fact was clearly left for them to determine, and if believed it carried, in addition to the provision in the note, actual notice to the plaintiff of the fraud and the disability of the note.

The issue upon which the defendant Halsell bases his cause of action is the charge that Bradley and Rowsey, by fraudulent acts, misstatements, and misrepresentations, induced him to execute the note in controversy for a worthless consideration, and that those facts were known to the plaintiff before it became the purchaser of the note.

We are told by Justice Story, in 1 Eq. Jur. sec. 186, that "fraud, actual or positive, includes cases of the intentional and successful employment of any cunning, deception, or artifice used to circumvent, cheat, or deceive another." The intention to deceive, the cunning and deception used to circumvent, cheat, and deceive are fully alleged, and the proof in support thereof was the issue for the jury to determine. The question is presented whether there were such fraud and misrepresentation as to have been the determining cause of the execution of the note, and this depends upon the evidence; the allegations being complete. It seems to be the accepted theory of the law that when one person misrepresents or conceals a material fact which is peculiarly within his own knowledge, if also within the reach of the other party, to deceive or to induce him to refrain from inquiry, and if it is shown that· concealment or other deception was practiced with respect to the particular transaction, such transaction is void on the ground of fraud.

We do not think there is a controlling distinction between transactions amounting to fraud in equity and those amounting to fraud in law, for, as is well said by a distinguished writer, "fraud in all its shapes is as odious in law as in equity." In the case of *Bottoms v. Neukirchner,* 29 Okla. 104, 116 Pac. 434, Mr. Justice Kane, speaking for the court, it being a suit in equity to cancel a deed made by the plaintiff, says: "It seems that a lesser degree of proof is required to establish fraud in equity than in law"—citing *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392, and other authorities. "In equity it suffices to show facts and circumstances from which it may be presumed." Justice Williams, in *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392, quoting from the case of *Myrick v. Jacks,* 33 Ark. 425, says that: "Fraud must be shown and proven at law. In equity it suffices to show facts and circumstances from which it may be presumed." It is held in *Moore v. Adams, supra:*

"In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed."

In the case of *Insurance Co. v. Rammelsberg,* 58 Kan. 531, 50 Pac. 446, an opinion delivered by Mr. Chief Justice Doster, in discussing the question of proof necessary to establish the fraud, says: "It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged." This seems to be an appropriate test, and, if the evidence presented in the opinion of those to whom the facts are presented is of sufficient weight and cogency to satisfactorily establish the wrongful conduct charged, that finding ought not to be disturbed on appeal.

As we have stated, this question has not been definitely determined in this jurisdiction, but without regard to such distinction, if any, it is not necessary to a determination of this case. The safe rule to determine the question whether or not fraud existed as the inducement to action—that is, where deception and

false representations known to be false are practiced to the injury of another: Is the evidence sufficient to satisfy the mind and conscience of the wrongful conduct charged? If this is a good test, and we deem it is, it is our opinion that in all cases where the evidence is sufficient to take the case to the jury on the question of fraud their finding upon such matter should be conclusive on this court. It is held in the case of *Howe et al. v. Martin et al.*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, that:

"A party is guilty of fraud and deceit where, with intent to induce another to enter into a contract, he makes a positive assertion which is material in a manner not warranted by his information, or where he is not shown to have reasonable grounds for believing it true, * * * even though believed by the party making it."

Where the evidence is conflicting, this court will not review the evidence to ascertain where the weight of the evidence lies, and, if there is evidence reasonably tending to support the verdict, it will not be set aside. By Justice Hayes, *Harrill v. Parkinson*, 27 Okla. 528, 112 Pac. 970:

"Where the jury is properly instructed upon an issue of fact joined by the pleadings, and there is evidence reasonably tending to support their finding on that issue, their verdict will not be disturbed by the Supreme Court."

Justice Kane in *Burns v. Vaught*, 27 Okla. 711, 113 Pac. 906, affirms this statement of the rule. And the same is held in *Hobbs v. Smith*, 27 Okla. 831, 115 Pac. 347, 34 L. R. A. (N. S.) 697. In *Binion v. Lyle*, 28 Okla. 431, 114 Pac. 618, by Chief Justice Turner, the same doctrine is asserted. The same rule is prescribed in *Fairfax v. Giraud*, 35 Okla. 659, 131 Pac. 159, by Justice Dunn.

While it is true the plaintiff in error makes numerous assignments of error which refer to the giving of certain instructions and the refusal of certain instructions, yet nowhere in the extensive brief does it, by argument or authority, complain of the instructions or set forth any of them that we have been able to ascertain from a careful reading thereof.

It is necessary to a review of instructions given or refused that rule 25 adopted by this court (38 Okla. x, 137 Pac. xi) should be complied with, which is:

"Where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions."

The assignments of error that the court committed error in giving instructions numbered 1 to 10, inclusive, and refusing instructions asked by plaintiff, without the instructions complained of being set out in the brief, are not in compliance with the rule and the opinions of this court affirming it. However, we will add that we have examined the case-made and fail to find a record of the requested and refused instructions.

We deem it proper to say that, but for the repeated admonitions of this court that the issues raised in the court below, in order to be reviewed here, must be presented as the rules require, we might feel more or less regret at our inability to review what counsel deem worthy of attention.

The contention of plaintiff in error on the matter of rescission, which it has elaborately argued with citations of authority as to the duty imposed upon Halsell, the defendant in error, to bring himself within such rule, etc., has been carefully looked into. On this matter, the conclusion we have reached is that its argument and authorities, while good and bearing the earmarks of elementary principles, are totally inapplicable to the theory of the defendant Halsell as made by the pleadings and proof in this case. Counsel have assumed very ingeniously that the theory of Halsell rested upon the authorities and principles announced by plaintiff in error. It is sufficient to dispose of this matter by saying that Halsell's defense was that the note given was without consideration and induced by fraudulent representations and overreaching. This was the real theory upon which the case was fought out and determined by the court and jury.

The defendant below C. M. Bradley is in this court by petition in error, but without a brief. The record shows that, after the trial resulting in the verdicts and judgments stated (*supra*), he filed a motion for judgment *non obstante veredicto,* based

upon the reasons shown in the statement of this case.  While the matter presented by plaintiff in error Bradley is not in this court in the definite manner the rules require, yet we will consider and dispose of his contention.  In this connection we will observe that one of the grounds set forth in plaintiff in error's (American National Bank's) reasons for a new trial is that there is an inconsistency in the verdict in favor of Halsell and against Bradley.  We are loath to regard this as a grievance of which the bank should or could complain.

We do not think there is any merit in Bradley's motion for judgment *non obstante veredicto,* for at least two reasons: (1) The jury evidently believed that Bradley and Rowsey were parties to the transaction which Halsell pleaded and proved was fraudulent and without consideration, and such was the issue. (2) It is not denied that Bradley was indebted to Rowsey in a similar amount to that of the note sued upon, for which indebtedness Rowsey had Bradley's note with collateral as security.  It was evidently the opinion of the jury that Bradley, by joining with Rowsey to inveigle Halsell into the giving of the note sued upon, received in return a cancellation of his own note to Rowsey and the return of his collateral stock.  It is clear that if the finding of the jury is the true status of affairs—and we in this forum have no right to question that—then it is tantamount to a finding that Bradley cannot take advantage of his own wrong to Halsell, even though in the conception of and perpetration of that wrong his payee, Rowsey, assisted.  The premises found by the jury, if true, and the two verdicts rendered by them show both a moral and legal discrimination as to the liability between Bradley and Halsell.

This is a voluminous record, and briefs and reply briefs are equally voluminous, and the points that counsel are entitled to a hearing on in this court, as well as those that do not permit review here, have not only been intelligently, but insistently, presented, and, notwithstanding the zeal and ability manifested, we are not able to discover the errors asserted, and in our attempt to do so we feel that we have treated the record with the consideration it deserves.

Under the pleadings and proof, the court being the judge of the sufficiency of the pleadings and the jury being the judges of the sufficiency of the facts, it is our opinion that no error appears of record, and the judgment of the superior court of Muskogee county is in all things affirmed.

All the Justices concur.