STEBBENS *et al.* v. LONGHOFFER.

No. 3196.   Opinion Filed October 13, 1914.

(143 Pac. 671.)

1.  **APPEAL AND ERROR—Presentation Below—Defects in Petition—Waiver of Objection.** Where alleged defects in an amended petition are raised for the first time in this court, and the defects, if any, are not apparent from the face of the amended petition, and do not go to the jurisdiction of the court, or to the fact that the petition does not state facts sufficient to constitute a cause of action, the defects are waived by a failure to raise the question in the trial court.

2.  **PARTIES—Intervention—Demurrer.** A petition of intervention which fails to show that the petitioner has, or claims, an interest in the controversy adverse to the plaintiff, or that she is a necessary party to a complete determination or settlement of the questions involved in the action, is demurrable.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Harper County;*

*B. C. Krause, Judge.*

Action by Peter Longhoffer against Conrad Stebbens, defendant, and Lizzie Stebbens, intervener.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*A. H. Walker* and *Charles Swindall,* for plaintiffs in error.

· *D. P. Parker* and *I. L. Griffiths,* for defendant in error.

Opinion by RITTENHOUSE, C. The petition alleges that on June 1, 1907, Peter Longhoffer, plaintiff, loaned to Conrad Stebbens, defendant, the sum of $300, with interest at 8 per cent. per annum; that there was paid on said loan at various times the sum of $200; that an accounting was had in May, 1909, between the parties, resulting in an agreement that $112 was due on said loan, and plaintiff prayed for judgment in said sum. On November 18, 1910, plaintiff amended the original petition by adding three additional causes of action for labor and pasture, amounting in the aggregate to $114, and praying for said sum in addition to the $112 due on the amount loaned. Defendant filed an answer to the amended petition, which consisted of a denial of the allegations of plaintiff's petition and the several counts therein contained and a counterclaim, amounting in the aggregate to $352, with interest. On May 1, 1910, Lizzie Stebbens, wife of Conrad Stebbens, filed a petition of intervention, alleging that the sum advanced by the plaintiff to Conrad Stebbens was for her benefit and understood by her to be a gift, and prayed that she be made a party defendant, and that she have judgment against the plaintiff for the sum of $100 paid on the $300 sued for in this action. A demurrer was filed to the petition, which was sustained by the court and exceptions allowed. Trial was had on the issues joined, and it resulted in a judgment of $200 for plaintiff and costs of suit.

It is urged that plaintiff having alleged in his original petition an accounting on the loan of $300, he could not recover on the amounts claimed for labor and pasture in excess of the sum of $112 agreed upon at the time of the accounting. The pleadings do not disclose whether there was a general accounting, and we are not prepared to say, from an examination of the record, that the plaintiff was estopped by the allegations of his original petition from amending it to include the items of labor and pasture. The amended petition was not attacked upon this ground by demurrer, motion, or answer, nor was an objection

made to the introduction of evidence relative to these items, but the defects in the pleadings, if any, are raised for the first time in this court, and as the alleged defects do not appear on the face of the pleadings, and do not go to the jurisdiction of the court, or to the fact that the petition does not state facts sufficient to constitute a cause of action, the defects, if any, are waived by a failure to present the question to the trial court.

The next contention is that the court erred in sustaining a demurrer to the interplea of Lizzie Stebbens. The petition, omitting caption, is as follows:

"Comes now Lizzie Stebbens, being the wife of Conrad Stebbens, by leave of court first obtained interpleads herein, and asks to be made a party defendant to this action, and for grounds thereof states that this interpleader claims an interest in said cause of action, in that she is the real party to whom the amount of $300 was furnished by plaintiff, and that there never was, at any time prior to the receipt of said sum of $300, any contract or agreement between herself and her husband for the repayment of said money to the plaintiff; that it was understood by this interpleader that the said sum of $300 was to be a gift on his part; and that if there was any contract with reference to the repayment of the said sum of $300, it was between this interpleader and the plaintiff in this action, after the receipt of the said $300, and prior to the bringing of this suit. This interpleader further states, by way of defense, as grounds of counterclaim, that prior to the bringing of this suit, she paid plaintiff herein, out of funds belonging to her individually, the sum of $100 in cash, in addition to the items of work and labor furnished to the plaintiff herein, as shown by answer and counterclaim of Conrad Stebbens, the defendant in this action. Wherefore this interpleader asks that she be made a party defendant in this action, and that she have judgment against the plaintiff for the said sum of $100, paid by her on the said $300 received from said plaintiff, and for costs."

It will be noted that this petition alleges that it was understood by the interpleader that the sum of $300 was to be a gift on the part of Peter Longhoffer, and further states that the interpleader had paid out of her individual money the sum of $100 on said sum of $300 and prays that she be made a party defend-

ant, and that she have judgment for $100. There is no showing by this petition that the interpleader has or claims an interest in the controversy adverse to the plaintiff, nor is there any showing that she is a necessary party to a complete determination or settlement of the questions involved in this action, and in the absence of allegations necessary to bring her within section 5568, Comp. Laws 1909 (Rev. Laws 1910, section 4691), the demurrer was properly sustained. The cause should therefore be affirmed.

By the Court: It is so ordered.