## REYNOLDS et al. v. RYAN.

No. 6722—Opinion Filed April 25, 1916.
Rehearing Denied May 16, 1916.    Second Petition for Rehearing Denied June 13, 1916.
(157 Pac. 933.)

1. **Landlord and Tenant—Landlord's Lien —Enforcement—Parties.**

In an action to enforce a landlord's lien, a petition for intervention was properly denied, where it appeared that the party attempting to intervene had no claim or demand sustainable against either plaintiff or defendant.

2. **Appeal and Error—Review—Question of Fact.**

When there is evidence reasonably tending to support a verdict, the same will not be disturbed upon appeal.

(Syllabus by Bleakmore, C.)

Error from County Court, Le Flore County; P. C. Bolger, Judge.

Action by M. M. Ryan against Walter Reynolds, and Frank Babcock files a petition for intervention. Judgment for plaintiff, and defendant and intervener bring error. Affirmed.

J. Wesley Smith and Robert A. Rowe, for plaintiffs in error.

Opinion by BLEAKMORE, C. This is an attachment suit to enforce a landlord's lien for the rent of certain lands for the year 1912, commenced in a justice court of Le Flore county by M. M. Ryan against Walter Reynolds. One Frank Babcock attempted to intervene, alleging that he, and not the plaintiff, Ryan, had rented the lands to defendant for that year. He was denied the right to intervene. There was judgment for plaintiff before justice, and upon appeal and trial to a jury in the county court he again prevailed.

It appears from the evidence of plaintiff that the premises involved were unallotted Indian lands, and that defendant had occupied the same as the tenant of plaintiff, and paid him the rents therefor in the previous year, and continued in possession thereof during the year 1912; and plaintiff testified positively to a specific contract of rental therefor between himself and defendant for that year. Defendant denied any contract with plaintiff, but asserted that he occupied the premises as the tenant of Frank Babcock, and had paid him the rents for the year 1912. Babcock having received the rents for the lands under his contract with defendant, he neither had nor asserted any claim or demand against either plaintiff or defendant on account thereof. Therefore his petition to intervene was properly denied. Stebbens v. Longhoffer, 44 Okla. 84, 143 Pac. 671.

The sole question for determination upon the trial was whether defendant had contracted to pay the rents for the lands to plaintiff. Upon this issue of fact the jury found for plaintiff; and, there being evidence reasonably tending to support the same, such verdict will not be disturbed upon appeal. American Nat. Bank v. Halsell, 43 Okla. 126, 140 Pac. 399. There were no exceptions to the instructions of the court.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.