## PARKER-GORDON CIGAR CO. v. WOOD & CO.

No. 13663—Opinion Filed March 18, 1924.

### Appeal and Error—Questions of Fact—Verdict.

Where there is any evidence reasonably tending to support the verdict of the jury, in a law action, this court will not review the verdict as to the weight and sufficiency of the evidence upon which the verdict is based.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by the Parker-Gordon Cigar Company, a corporation, against Wood & Company, a corporation, for recovery of $619.50 with interest on an open account for merchandise. Judgment for defendant. Plaintiff brings error. Affirmed.

John P. Hickam, for plaintiff in error.

Kittie C. Sturdevant and Wilcox & Swank, for defendant in error.

Opinion by THOMPSON, C. This action was begun in the district court of Payne county, Okla., by the Parker-Gordon Cigar Company, a corporation, plaintiff in error, plaintiff below, against Wood & Company, a corporation, defendant in error, defendant below, for recovery of $619.50, with interest from the 6th day of December, 1920, on an open account for merchandise.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff sued on an open account for two shipments of cigars to the defendant of the total value of $619.50, and attached verified statements of its accounts to its petition as exhibits "A" and "B."

The defendant answered by way of general denial and cross-petition, but admitted the receipt of the goods sued on and that it had fully paid and satisfied the indebtedness, and that the plaintiff was entitled to a trade discount of ten per cent. and an additional four per cent. cash discount, if the account were paid within ten days from the date of the invoice; that defendant had purchased several thousand dollars' worth of goods from the plaintiff for its distributing agencies, located in several points in the state of Oklahoma and in the state of Texas; that defendant had returned to plaintiff goods, wares, and merchandise, in the sum of $3,840.36, which had been received and accepted by plaintiff, and which the defendant claimed credit for, together with interest from the dates of the return of each shipment at six per cent., and prayed judgment for said amount with interest.

Plaintiff replied by way of general denial.

The above statement of the issues, upon which the case was tried, is a fair statement of the points in controversy as to the amounts, although the pleadings in the record cover 24 pages, but for the purposes of this opinion we do not think it necessary to set out the pleadings in full.

The case was tried to a jury and the jury returned its verdict in favor of the defendant and against the plaintiff, and fixed the amount of defendant's recovery in the sum of $1,219.86.

Plaintiff filed a motion for new trial, which was heard and overruled by the court, and exception reserved.

The court pronounced judgment upon the verdict of the jury that the defendant have and recover of the plaintiff the sum of $1,219.86, with interest at six per cent. per annum from the 2nd day of February, 1922, and for costs, from which judgment plaintiff appeals to this court.

The attorney for plaintiff sets up 14 assignments of error, but contents himself with presenting the same under two heads, which are as follows:

"1. That the verdict of the jury and the judgment of the court is error for the reason that the same is contrary to the law and not supported by the law.

"2. That the said verdict of the jury and the said judgment of the court is error in said cause for the reason that the same is

contrary to and not supported by the evidence."

The facts in this case, as shown by the defendant, are that Wood & Company operated branch houses as jobbers in several cities in Oklahoma and Texas; that it bought something over $17,000 worth of cigars from Parker-Gordon Cigar Company, which was engaged in the wholesale business but not in the manufacturing of cigars; that the salesman for plaintiff made a contract to sell cigars to the defendant, allowing it ten per cent. trade discount and four per cent. cash discount, if paid within ten days; that the plaintiff was to take over all cigars sold by plaintiff to defendant undisposed of and the proof showed that several shipments of said cigars had been returned by defendant and received by the plaintiff, amounting to something over $4,000; that one item of $600, which was returned, had not been credited to defendant by plaintiff for cigars returned; that defendant had paid the plaintiff, by checks, over $13,000 and was entitled to over $1,700 trade discount, and there is evidence to show that the defendant was entitled to its ten per cent. trade discount, and the evidence is full upon the proposition that the defendant returned the items, claimed by it, 'and plaintiff admits $4,614.50 returned merchandise, and there is evidence that such was the agreement between the defendant and the plaintiff's salesman and agent at the time the defendant contracted to handle the goods of the plaintiff, and while the amount of goods sold to defendant by plaintiff and several other items are disputed by plaintiff in the evidence, introduced by the defendant, and the attorneys for both sides furnish the court with a startling array of figures, and if the figures of plaintiff's counsel are to be taken as conclusive, the plaintiff should prevail in this case, and if the figures given by the attorney for defendant in his brief are to be taken as correct, the defendant was entitled to considerable more than the jury awarded.

Under the evidence in this case, either of the two propositions might have been found by the jury, but the fact remains that the jury returned its verdict in favor of the defendant for the sum of $1,219.86, and found against the plaintiff, and in our view of the case the verdict of the jury is conclusive upon this court as to the amount found by the jury. We are of the opinion the amount is clearly within the evidence and is supported by the evidence. The universal rule to be applied here is, that where there is any evidence reasonably tending to support the verdict of the jury in a law action, that this court will not review, the verdict and findings of the court as to the weight and sufficiency of the evidence upon which the verdict is based. Twine v. Kilgore, 3 Okla. 640, 39 Pac. 388; Meyer Bros. Drug Co. v. Kelly, 5 Okla. 118, 47 Pac. 1065; Everett v. Akins, 8 Okla. 184, 56 Pac. 1062; Higgins v. Butler, 10 Okla. 345, 62 Pac. 810; D. M. Osborne & Co. v. Case, 11 Okla. 479, 69 Pac. 263; Long v. Williams, 11 Okla. 562, 69 Pac. 893; Murphy v. Hood & Lumley, 12 Okla. 593, 73 Pac. 261; Reynolds v. Ryan, 59 Okla. 120, 157 Pac. 933; Berryhill v. Thrailkill, 61 Okla. 235, 160 Pac. 874; Eoff v. Alexander, 62 Okla. 12, 161 Pac. 802; First National Bank v. Lewis, 61 Okla. 247, 161 Pac. 175.

All differences and contradictions in the testimony were for the jury to settle and it did settle them by its verdict.

After a careful examination of all the testimony in the case, the briefs of counsel and the figures in the briefs of counsel, we are clearly of the opinion that the amount found by the jury is within the evidence, and the jury, in our judgment, might have been justified in returning a greater amount than was found to be due the defendant. This being true, we are of the opinion that the judgment of the lower court, for the reasons heretofore given, should be and is hereby affirmed.

By the Court: It is so ordered.