WAGGONER v. BUCKLES et al.

No. 33118. April 19, 1949.

Rehearing Denied May 17, 1949.

*206 P. 2d 216.*

C. R. Nixon, Logan Stephenson, F. C. Swindell, Harry L. S. Halley, and O. C. Lassiter, all of Tulsa, for plaintiff in error.

Wheeler & Wheeler, of Tulsa, for defendants in error.

ARNOLD, V.C.J. This is an appeal from a judgment of the district court of Creek county in cause No. 26076 on the docket of that court, wherein H. M. Haverbeck was plaintiff and C. O. Buckles and Citizens Morris Plan State Bank were defendants.

The intervener herein, Waggoner, procured a judgment in Tulsa county against C. O. Buckles on promissory notes. This judgment was not appealed nor was it filed in Creek county. After the procurement of that judgment, she started an action in Tulsa county to subject property then in the name of R. A. Buckles, the judgment debtor's wife, to the payment of her judgment against C. O. Buckles. The judgment of the trial court was for plaintiff establishing a lien on said property.

On appeal, Buckles v. Waggoner, 199 Okla. 626, 188 P. 2d 873, we held that the property therein claimed to have been held in the name of R. A. Buckles for her husband, C. O. Buckles, could not be subjected to the payment of the judgment of plaintiff.

The instant appeal arose out of a suit filed by H. M. Haverbeck in Creek county for judgment on a promissory note and foreclosure of the mortgage given as security therefor. Citizens Morris Plan State Bank was made a party defendant and required to set up its claim. By answer and cross-petition it alleged its cause of action based upon

a promissory note and mortgage as security therefor. The appellant, Waggoner, was granted permission to intervene. She alleged that the note and mortgage sued on by plaintiff were made without consideration in fraud of creditors. The property covered by the mortgages of plaintiff and defendant bank is the same property involved in the Tulsa county case wherein appellant was given a lien by the trial court. Appellant further alleged that she had a lien on the property covered by said mortgages by reason of the Tulsa county judgment decreeing her a lien thereon which is the judgment we reversed holding that said property could not be subjected to the payment of said judgment.

Haverbeck admitted the validity and priority of the Citizens Morris Plan State Bank's note and mortgage. On his motion, judgment was rendered on the pleadings in favor of the Citizens Morris Plan State Bank for the sum sued for by it and in favor of the plaintiff for the sum he claimed together with attorneys' fees, foreclosure and sale of the property, and directed that the proceeds thereof should be distributed to these parties in payment of their judgments in the order mentioned.

To the action of the court in sustaining plaintiff's motion for judgment on the pleadings, the intervener excepted, gave notice of her intention to appeal, and has brought the case here for review.

Since it has been adjudicated that appellant cannot subject the property involved to the payment of her judgment, she was not a proper party to the foreclosure action and cannot complain of the judgment entered therein. She was not a proper intervener in this case.

In the case of Stebbens et al. v. Longhoffer, 44 Okla. 84, 143 P. 671, the second paragraph of the syllabus reads:

"A petition of intervention which fails to show that the petitioner has, or claims, an interest in the controversy adverse to the plaintiff, or that she is a necessary party to a complete determination or settlement of the questions involved in the action, is demurable."

See, also, Reynolds et al. v. Ryan, 59 Okla. 120, 157 P. 933; Wasson, Rec., et al. v. Anglo-Texas Oil Co. et al., 129 Okla. 222, 264 P. 164.

Judgment affirmed.

CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.