**E. I. BARNETT and L. E. Barnett, Plaintiffs in Error,**

v.

**T. C. BODLEY, Dr. George Adams, Gordon Wells and H. F. Schreiber; and Barnett Tank Line, Inc., and Manganese Industries, Inc., Defendants in Error.**

No. 38416.

Supreme Court of Oklahoma.

Dec. 29, 1959.

W. E. Crowe, Enid, for plaintiffs in error.

Doerner, Rinehart & Stuart, Tulsa, McKeever, Glasser, McKeever & Conrad, Enid, for defendants in error.

IRWIN, Justice.

Plaintiffs commenced this action against defendant, Barnett Tank Line, Inc., a corporation, for the collection of two promissory notes and foreclosure of a chattel mortgage. Defendant filed its answer and cross petition and an application to make Manganese Industries, Inc., an additional party defendant. In this application defendant alleged the plaintiffs were the organizers and incorporators of Manganese Industries, Inc., and it was a necessary and indispensable party to the action.

Manganese Industries, Inc., filed its waiver of the issuance and service of summons, entered its general appearance, filed a general denial to the answer and cross petition of defendant, and prayed for judgment as set forth in plaintiffs' petition.

Thereafter, E. I. Barnett and L. E. Barnett, upon application and order of the court, were authorized and did file their petition in intervention. Upon motion of plaintiffs and after hearing, the order authorizing the filing of the petition in intervention

was vacated and the petition in intervention was dismissed. L. E. Barnett and E. I. Barnett have perfected their appeal from this order.

## Pleadings

Plaintiffs alleged the execution and delivery of two promissory notes and a chattel mortgage securing one of the notes to them by Barnett Tank Line, Inc.; that the notes were past due and owing and demand had been made and payment refused. They prayed for judgment on the two notes and foreclosure of the chattel mortgage.

Very briefly stated, the substance of the answer and cross petition of Barnett Tank Line, Inc., is as follows; The answer alleged E. I. Barnett and L. E. Barnett negotiated with the plaintiffs an agreement to engage in a business venture to prospect for, mine, develop and market manganese ore; that plaintiffs were to organize a corporation for this purpose and E. I. Barnett and L. E. Barnett were to have issued to them 40% of the capital stock; Manganese Industries, Inc., was organized and incorporated by plaintiffs; that plaintiffs did not desire to advance any money for the actual operation and Barnett Tank Line, Inc., its president being G. W. Barnett, who is the father of E. I. Barnett and L. E. Barnett, was prevailed upon to execute two notes, and a chattel mortgage, the subject of this action, one note for $6,000 which was secured by the chattel mortgage and one note for $5,000 in favor of plaintiffs to be used as security by plaintiffs to secure a loan; that there was an express representation by plaintiffs that there would be no liability and would be used as collateral only, and would be cancelled when they served their purpose; that the notes and mortgage were issued and delivered for accommodation only, and without consideration, and plaintiffs are not entitled to recover on them.

Barnett Tank Line, Inc., in its cross petition, alleged that it had furnished plaintiffs and Manganese Industries, Inc., an additional $3,000 in funds and personal property; that the action of plaintiffs had damaged its credit and reputation in the sum of $50,000, and prayed for judgment in the sum of $53,000.

The petition in intervention alleged, inter alia, the circumstances resulting in the execution of the $6,000 note by Barnett Tank Line, Inc., and in addition it alleged the acquisition of certain properties in which they had expended $4,400 in acquiring and developing, which should be applied as credit on the $6,000 note; that it was agreed to incorporate Manganese Industries, Inc., and intervenors were to reduce their previously arranged interest in the Company in consideration of the payment by plaintiffs of the $1,600 due on the note which was to be returned; that Manganese Industries, Inc., was organized and plaintiffs have refused to issue to intervenors the shares of stock they were entitled to which had an actual and saleable value of $36,000; that intervenors transferred to Manganese Industries, Inc., mineral interests valued in excess of $100,000, for the stock which was to be issued to them; that there is due intervenor E. I. Barnett for extraordinary expenditures made by him at the request of Manganese Industries, Inc., $2,846, and due to L. E. Barnett the sum of $4,000, for service rendered; that intervenors were summarily discharged, to the damages of the intervenors in the sum of $10,000 actual and $20,000 punitive.

Intervenors prayed that the $6,000 note be cancelled; that they have judgment against plaintiffs for $36,000, the value of the stock, $10,000 actual damages, $20,000 punitive damages and judgment against Manganese Industries, Inc., for $7,920 for extraordinary expenditures and service rendered.

## Contentions

The intervenors contend that they are indispensable parties; that their claims arise out of the same subject matter that forms the basis of plaintiffs' action and with a court of equity having assumed jurisdiction, the entire controversy will be disposed of and full relief administered to all the parties.

The plaintiffs contend that intervenors are not indispensable parties; that the issues raised by the intervening petition are not germane to the issues between plaintiffs and defendant; and the right to intervene under such conditions rests in the discretion of the trial court.

Conclusions

■■ Title 12 O.S.1951 §§ 231 and 236, providing that any party necessary to a determination and settlement of a question involved and any person claiming an interest in the subject matter may be made a party defendant were enacted for the purpose of securing a determination of a controversy between several persons. Title 12 O.S.1951 § 237, provides that any person having an interest in the subject matter of an action may intervene and in construing this section we have said the right to intervene may be divided into two classes. One in which the petitioner claims a lien or interest in the specific property involved and within the exclusive jurisdiction of the court in which the action is pending and his lien or interest therein can be established, preserved or enforced in no other way than by determination and action of that court. In this class the right to intervene is absolute. In the other class we find those claims which are not indispensable to the presentation or enforcement of the claim of the intervenors. In this class the permission to intervene is in the discretion of the court. If granted, petitioner's rights may then be preserved. If denied, the claim may be asserted in a separate action. See Franklin v. Margay Oil Corporation, 194 Okl. 519, 153 P.2d 486.

■ The procedure followed herein, that is, filing the motion to vacate the order authorizing the filing of the petition of intervention and the motion to dismiss and the sustaining of such motions is correct, as we have repeatedly held that after a petition in intervention has been filed it can be attacked by motion to dismiss or by demurrer. See Wasson v. Anglo-Texas Oil Co., 129 Okl. 222, 264 P. 164; Stebbens v. Longhoffer, 44 Okl. 84, 143 P. 671; Goodrich v. Williamson, 10 Okl. 588, 63 P.

974; Waggoner v. Buckles, 201 Okl. 392, 206 P.2d 216; and Tuttle v. Moore, 3 Ind. Terr. 712, 64 S.W. 585.

We will now determine the right of L. E. Barnett and E. I. Barnett to intervene in this action. The only allegation contained in the petition of intervention that relates to the indebtedness alleged in plaintiffs' petition is the $6,000 note which Barnett Tank Line, Inc., admits the execution and delivery, but alleges it was given to accommodate the plaintiffs and was therefore without consideration. Although intervenors allege payment of $4,400, on the note and the agreement by Manganese Industries, Inc., to pay the balance of $1,600, this is not available to them as they are not individually liable on the note and do not have an interest in the note as individuals.

■■ The only interest L. E. Barnett and E. I. Barnett could have in the note would be that of stockholders in Barnett Tank Line, Inc. Generally, stockholders cannot maintain or defend an action to redress wrongs done to a corporation as a corporation is a legal entity, separate and distinct from its stockholders. However, when a corporation refuses to maintain or defend an action, a stockholder by pleading necessary and proper allegations, may maintain or defend an action. Barnett Tank Line, Inc., has not refused to defend the action but has filed its answer and cross petition and we therefore hold that intervenors, L. E. Barnett and E. I. Barnett cannot defend the action on the $6,000 note as stockholders. See Smith v. Oklahoma Supply Co., 46 Okl. 776, 149 P. 879; Gaines v. Gaines Bros. Co., 176 Okl. 583, 56 P.2d 863; Garrett v. Downing, 185 Okl. 77, 90 P.2d 636; Starr v. Heald, 28 Okl. 792, 116 P. 188; Bentley v. Zelma Oil Co., 76 Okl. 116, 184 P. 131.

The remaining allegations in the petition of intervention relate to transactions between the intervenors as individuals and the plaintiffs and Manganese Industries, Inc., which involve properties acquired, agreements as to ownership of stock, money due intervenors for services rendered and

money expended, actual and punitive damages suffered by intervenors as individuals. It is apparent these issues are not necessary or indispensable to the issues sought to be litigated in the original action which is for recovery on two promissory notes and foreclosure of a chattel mortgage against a corporation.

It is a recognized principle of law that when an action is commenced, the nature thereof cannot be expanded and changed to include matters not germane to the issues presented. This principle of law is applicable to a petition in intervention the same as a cross petition. Since a cause of action stated in a cross petition must be germane to the original controversy, new and distinct matter is not maintainable under the provisions of the code as a counterclaim, unless such matter is involved in a proper determination of the subject matter of the original controversy, and must be litigated in a separate action. See Johnson v. Moore, 113 Okl. 238, 241 P. 140; Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880; Frenn v. Nabours, 177 Okl. 428, 60 P.2d 386; Methvin v. American Savings & Loan Ass'n of Anadarko, 194 Okl. 288, 151 P.2d 370; Baxley v. Timms, Okl., 316 P.2d 871; Holshouser v. Rudell, Okl., 327 P.2d 476.

The petition in intervention discloses that L. E. Barnett and E. I. Barnett were not necessary or indispensable parties to the presentation or enforcement of the claims of the parties to the original action. The allegations in the petition of intervention are not germane to the issues as originally alleged and constitute new matter which is not involved in the determination of the issues between the plaintiffs and defendant. Under these conditions it is within the discretion of the court as to whether the parties shall be permitted to intervene and an order of a trial court dismissing a petition in intervention will not be disturbed on appeal, unless it is shown the trial court abused its discretion. See Cooke v. Tankersley, 199 Okl. 634, 189 P.2d 417; Franklin v. Margay Oil Corp.,

194 Okl. 519, 153 P.2d 486; and Gibson v. Ferrell, 77 Kan. 454, 94 P. 783.

From an examination of the record, we cannot say the trial court abused its discretion in vacating the order authorizing the filing of the petition in intervention and dismissing said petition.

The judgment is therefore affirmed.