COBLE v. BEALL.

(Filed June 13, 1902.)

BANKS AND BANKING—*Directors—Stockholders—Fraud—Parties.*

> Where a shareholder individually sues the directors of a bank for fraudulent and wrongful mismanagement of bank property, the complaint must show that a demand had been made on the directors, or a receiver, if one has been appointed, to bring the action, and they had refused to do so.

ACTION by L. M. Coble against W. P. Beall and others, heard by Judge *Thos. J. Shaw,* at September Term, 1901, of the Superior Court of GUILFORD County. From a judgment for the plaintiff, the defendants appealed.

*Bynum & Bynum,* for the plaintiff.

*C. M. Steadman, Scales & Scales,* and *King & Kimball,* for the defendants.

MONTGOMERY, J. This action was brought by the plaintiff, a stockholder in the now insolvent Bank of Guilford, against the defendants who were formerly directors of the bank, to recover $500 and interest. Upon a careful reading of the complaint it will be seen that only one cause of action is therein set out. It is true that in allegation 15 of the complaint, the plaintiff declares that he was induced to take stock in the bank because of statements made by the directors and her confidence in the officers and directors, but she does not allege that the loss of her investment was caused by the falsity and fraudulency of those statements. In fact the contrary appears, for in allegation 17 she states that upon a subsequent examination of the books of the bank it was disclosed that from 1894, if not earlier, the bank had been insolvent and running at a loss. Her stock was subscribed for in 1891. The learned counsel for the plaintiff in his brief nowhere

alludes to or discusses the case of one fraudulently induced by an officer of a corporation to subscribe to its stock, and who was injured by such fraud. In such a case the offending officer must be liable individually, as well as would the corporation for such conduct.

The case presented, then, is that of a stockholder in a corporation, who, having an action against the directors of the concern for fraudulently, carelessly and negligently managing its affairs, and by reason of which pecuniary loss was suffered in the deterioration in the value of the stock. A demurrer was filed by the defendants, the second ground of which is as follows: "For that it appears that this action is brought by a single shareholder, and it is not alleged that the plaintiff or other stockholder or shareholder ever applied to the bank or the receiver thereof to bring action for the causes set out in the complaint, nor that the bank nor the receiver thereof ever refused or declined to bring such action, and that the action is for the alleged negligence and failure of duty of defendants as directors of said bank in the complaint mentioned, which duty the defendants as directors owed to the bank as a corporation, and not to this plaintiff or other stockholder as such, and any failure of duty or neglect on the part of the directors as such, as set out in the complaint, does not give the plaintiff or other stockholder a right of action on his or her own behalf alone."

Can the action in its present form be maintained? The directors of the corporation are not the agents of the stockholders, but they are the agents of the corporation, and because there is no privity between directors and stockholders, the latter, whether individually or collectively, could not, under our former practice, through the law Courts, have any remedies against the directors for wrongful dealings with the corporate property. 3 Thompson on Corp., 4090. The cause of action stated in this case is one primarily in behalf

of the corporation against the directors.   The plaintiff alleges that the wrongful conduct of the defendants in the management of the corporate property affected the interest of all stockholders alike, that it was not peculiarly injurious to her individually.   But for all wrongs, there was then, as well as now, a remedy, and upon all Courts of Law refusing to hear such complaints, Courts of Equity open their doors to them—construing the directors to be trustees in equity, though not in law.   "A Court of Equity opens its doors to receive him on the ground that unfaithful directors are his trustees, and for the further reason that he has been turned out of a Court of Law."   Thompson, *supra.*   Such complainants have the same rights in our present Law Courts as they then had in the Courts of Equity.   There is one prerequisite, however, and that is that the plaintiff shall show in his complaint that he has demanded of the corporation that it should bring the action, and that the directors had refused to do so, thereby continuing to show their unfaithfulness.

The rule is stated in 3 Thompson on Corp., Sec. 4132, to be: "Because the action can not be brought by a depositor or creditor, but must be brought by the corporation or receiver, or at least that it must appear that application has been made to them to bring such action, and that there had been a failure to do so."   The same rule is stated in Pomeroy Eq. Jur., Sec. 1095: "Wherever the cause of action exists primarily in behalf of the corporation against the directors, officers and others for wrongful dealings with the corporate property, or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit in the name of the corporation, and the corporation either actually or virtually refuses to institute or prosecute such a suit, then, in order to prevent failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of themselves and all others."

The reason why the stockholder can not maintain such suit against the directors is that the duties, the breaches of which constitute the ground of action, are duties to the corporation, considered as a legal entity, and not duties to any particular stockholder. 4 Thomp., *supra,* 4476.

The counsel of the plaintiff, in his brief, admitted the correctness of that rule as a general one, but at the same time said that there are a good many exceptions to it, and that this case presents one of the exceptions, because a majority or all of the directors were involved in the charge made by the plaintiff, and it would be useless to ask them to sue themselves. All, or a majority of the directors, it is true, are defendants in this action, and the law, of course, would not require so vain a thing as to require the plaintiff to have demanded of them to bring this action against themselves. But that fact would have to appear in the complaint. "If the facts as alleged show that the defendants charged with a wrongdoing, or some of them, constituted a majority of the directors or managing body at the time of commencing the suit, or that the directors, or a majority thereof, are still under the control of the wrong-doing defendants, so that a refusal of the managing body, if requested, to bring suit in the name of the corporation, may be informed with reasonable certainty, then an action by a stockholder may be maintained without alleging or proving any notice, request, demand or express refusal."

But in this case the complaint shows that the corporation is in the hands of a receiver appointed by the Court, and that makes it necessary that demand should have been made on him and that he refuse to bring the suit before the commencement of the present one. "If the corporation is in the hands of a receiver, before the stockholders can maintain such an action it should appear that they have requested the receiver to bring it, and that the request had been refused or neglected. The refusal of the receiver must be averred and proved."

The counsel of the plaintiff relied on the decisions of this Court in the cases of *Solomon v. Bates,* 118 N. C., 311, 54 Am. St. Rep., 725; *Tate v. Bates, Ibid.,* 287, 54 Am. St. Rep., 719; *Townsend v. Williams,* 117 N. C., 330; *Houston v. Thornton,* 122 N. C., 365.   There may be expressions in those opinions which, if taken in detached sentences, might seem liable to the construction put upon them by the counsel of the plaintiff; but the matter for decision in this case, to-wit, the right of a stockholder individually to sue the directors of a corporation for fraudulent and wrongful misman-agement of the corporate property, without first having made a demand on the directors to bring the action, and their refu-sal to do so, was not the question before the Court for decision in the cases last above referred to.   In the first three of those cases, the actions were brought by individual depositors against the officers of the defendants for fraudulently induc-ing the plaintiffs to make deposits of money in the banks of the defendants, the banks being insolvent at the time; and in the last-mentioned case, the plaintiff was induced to take· stock in the defendant corporation by the device of circulars issued by the defendant, containing statements false and fraudulent.   Those causes of action were founded upon in-juries peculiar to the plaintiffs themselves, and any recovery in them could not have passed to the directors for the benefit of the corporation, and indirectly for the benefit of the other depositors.

For the reasons mentioned, the action can not be main-tained, and his Honor erred in not sustaining the demurrer.

Error.