## STARR *et al.* v. HEALD.

No. 860.   Opinion Filed May 9, 1911.

**CORPORATIONS—Actions by Stockholders—Necessary Parties.** A stockholder may bring a suit when the corporation refuses, but such suit can only be maintained upon the ground that the rights of the corporation are involved, and the corporation must be made a party, or a court of equity will not take cognizance of the suit.

(Syllabus by the Court.)

*Error from District Court, Rogers County; T. L. Brown, Judge.*

Action by Reuben J. Heald against J. C. Starr, Guy Patten, W. E. Ross, and Riley Oil Company. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*W. H. Kornegay*, for plaintiffs in error.

*Veasey & Rowland* and *Kenneth H. Davenport*, for defendant in error.

KANE, J. This proceeding, as near as we can gather from the pleadings, amounts to a suit brought by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, for the specific performance of a contract. The petition alleges, in substance, that on the 15th day of September, 1905, plaintiff, together with one N. B. Dannenberg, secured an oil and gas mining lease covering the lands selected in allotment by Lottie Montgomery, a freedman citizen of the Cherokee Nation; that thereafter said plaintiff and said Dannenberg took a deed of conveyance covering 20 acres of the same land; that it subsequently developed that the citizenship of said allottee was in doubt; that the defendants, Starr and Patten, as a firm of lawyers, contributed their legal services on behalf of said allottee and were successful in having her finally adjudged a citizen of the Cherokee Nation; that as compensation for said services said lawyers demanded an interest in said lease and said land; that

accordingly said plaintiff and said Dannenberg and the defendants entered into an agreement by the terms of which a corporation should be organized under the name of the Florence Oil Company, it being agreed that the plaintiff, R. J. Heald, should own one-fourth of the capital stock, and said N. B. Dannenberg one-fourth of the capital stock, and that the defendants, Starr, Patten, and Ross, or the Riley Oil Company, in which said Starr, Patten, and Ross are principal stockholders, should own the remaining shares. That plaintiff and said Dannenberg should transfer the fee simple title to the twenty acres of land above described to the said Florence Oil Company, and that a lease covering the remaining fifty acres of the allotment of said Lottie Montgomery should be taken to the Florence Oil Company, and plaintiff and said Dannenberg should request and allow their first lease to be disapproved; that, in pursuance of this contract, plaintiff and said Dannenberg transferred the twenty-acre tract of land in fee simple to said Florence Oil Company; that, prior to the taking of the lease to the defendant oil company, the defendants, Starr, Patten, and Ross, procured the execution of a lease on the fifty-acre tract of land, said lease running unto defendant Riley Oil Company; that by the terms of said contract it was agreed by all parties that the plaintiff and said Dannenberg should request the disapproval of their first lease and allow the same to be disapproved, and the defendants, Starr, Patten, and Ross, should request and permit the disapproval of the Riley Oil Company lease, and that all the requirements of the department respecting the Florence Oil Company lease should be complied with, so that the same might be approved. That Starr & Patten, as attorneys at law, undertook and agreed for and on behalf of the plaintiff and said Dannenberg to carry out the terms of said agreement and to protect the interests of the plaintiff and said Dannenberg in the approval of the lease taken to the Florence Oil Company; that notwithstanding, however, they unlawfully, fraudulently, and in contravention of their contract, caused all papers, financial showings, and other requirements of the Interior Department to be

fully complied with for the said Riley Oil Company lease. · That said firm of attorneys knew such course would result in the disapproval of the Florence Oil Company lease and in the approval of the Riley Oil Company lease. That the plaintiff, relying upon the agreement of said parties, failed and neglected to file any additional papers in connection with his first lease or to pay any roylalty accruing thereupon, and therefore his first lease was thereby rendered in bad standing before the Department of the Interior. That oil operations in the proximity of said land are such as to demonstrate the fact it is very valuable for oil and gas purposes; that the nature of oil values is such that a judgment for damages in this case would be impossible of determination, and therefore the plaintiff prays the court that a hearing be had upon this petition and that judgment be rendered against defendants requiring said Riley Oil Company and its authorized officers and agents to transfer to the plaintiff an undivided onefourth interest in said lease, and that the defendants be declared trustees of an undivided one-fourth interest in said lease for and on behalf of the plaintiff in this cause, and that, upon the refusal of the defendants to make such transfer or conveyance as will properly protect the plaintiff under the order of court, the decree of the court be taken and considered as such formal transfer or conveyance of said interest, and for costs and general relief. Upon the issues being joined, there was a trial to the court and a decree rendered in favor of the plaintiff, substantially granting to him the relief prayed for in his petition. To reverse this decree, this proceeding in error was commenced.

It is admitted by counsel that the case-made is not properly before this court, and that therefore we can only examine such alleged errors as appear on the face of the record. The only one of such errors we deem it necessary to notice is the one to the effect that the court erred in giving judgment in favor of the plaintiff for an interest in the lease, it being admitted by him in his petition that the Florence Oil Company was the party en-

titled to an interest in the lease under the contract.  This contention must be sustained.

Under the facts disclosed by the petition, the Florence Oil Company was a necessary and indispensable party.  The gist of the plaintiff's action is that, by virtue of the agreement between the parties, the Florence Oil Company, a corporation, should have the benefit of the lease, and that it was deprived of its rights in the premises by the fraudulent conduct of the defendants. Whatever rights the plaintiff had, accrued by reason of him being a stockholder of the corporation.  Before he could maintain a suit as a stockholder to enforce rights belonging to the corporation, it would be necessary for him to allege that the corporation had failed to prosecute its rights and that its officers would not do so.  Mr. Cook, in his work on Corporations, paragraph 740, says:

"Before the stockholder brings suit he must make a formal request to the corporate officers that suit be instituted by the corporation.  Upon its refusal or neglect to comply with that request, he may then bring suit himself.  It is well settled, however, that he must allege in his bill in equity that such a request has been made and has not been complied with."

The text is supported by numerous authorities.

In *Davenport v. Dows,* 18 Wallace, 626, 21 L. Ed. 938, it was said:

"It is insisted, on behalf of the appellant, that the circuit court erred in overruling the demurrer, for three reasons:  First. Because the Railroad Company was not made a party to the bill. Second.  That the complainant had a complete remedy at law; and, Third.  That the tax in question was a proper charge against the property of the corporation.  It is unnecessary to notice the last two objections, as the first is well taken.  Indeed, it would be improper to pass on the merits of the controversy until the proper parties to be affected by the decision are before the court. That a stockholder may bring a suit when a corporation refuses is settled in *Dodge v. Woolsey,* 18 How. 340 (59 U. S., XV., 404), but such suit can only be maintained on the ground that the rights of the corporation are involved.  These rights the individual shareholder is allowed to assert in behalf of himself and associates, be-

cause the directors of the corporation decline to take the proper steps to assert them. Manifestly the proceedings for this purpose should be so conducted that any decree which shall be made on the merits shall conclude the corporation. This can only be done by making the corporation a party defendant. The relief asked is on behalf of the corporation, not the individual shareholder; and if it be granted, the complainant derives only an incidental benefit from it. It would be wrong, in case the shareholder were unsuccessful to allow the corporation to renew the litigation in another suit, involving precisely the same subject-matter. To avoid such a result, a court of equity will not take cognizance of a bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation. *Robinson v. Smith,* 3 Paige, 222, 233; *Cunningham v. Pell,* 5 Paige, 607; *Hersey v. Veazie,* 24 Me. 1; *Charleston Ins. Co. v. Sebring,* 5 Rich. Eq., 342; *R. R. Co. v. Nolan,* 48 N. Y. 513; *Bagshaw v. Eastern Un. R. R. Co.,* 7 Hare, 114-131. In this case the tax sought to be avoided was assessed against the Chicago, Rock Island and Pacific Railroad Company, and the decree rendered discharges the company from the payment of this tax. The corporation, therefore, should have been made a party to the suit, and as it was not, the demurrer should have been sustained. The decree is reversed and the cause remanded for further proceedings, in conformity with this opinion."

As the contract involved herein was executed for the benefit of the Florence Oil Company, it should have been made a party to the suit; otherwise, we do not see how a decree could be rendered granting the relief the various parties would be entitled to under the facts stated in the petition. The petition states that the plaintiff should own one-fourth of the capital stock of the Florence Oil Company. The petition does not disclose whether or not this was issued to him. But if it was, that was all he was entitled to. If the capital of the corporation was impaired by the fraudulent acts of the defendant, that was a matter between him and the corporation, with which the plaintiff as a stockholder would have nothing to do without complying with the conditions set out in the above excerpt from Cook on Corporations.

The judgment of the court below is reversed, and the cause

remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.