## SMITH v. OKLAHOMA SUPPLY CO. *et al.*

No. 3752. Opinion Filed April 13, 1915.

(149 Pac. 879.)

**CORPORATIONS—Directors—Breach of Trust—Stockholders—Right to Sue.** The rule is that shareholders cannot, ordinarily, sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders, or some of them, and if the corporation refuses to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition

contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*

*Geo. W. Clark, Judge.*

Action by G. T. Smith against the Oklahoma Supply Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Winn & Brill,* for plaintiff in error.

*Griffith & Pritchard,* for defendants in error.

BREWER, C. Plaintiff in error, as plaintiff below, filed his petition against the Oklahoma Supply Company, a corporation, and a number of persons as individuals, in the superior court of Oklahoma county. The petition is rather lengthy and involves a number of matters, and asks relief in a variety of forms. One paragraph of the petition alleges a conspiracy between the individual defendants, by which they acquired plaintiff's stock in the Oklahoma Supply Company for less than its value, through fraud and coercion, and asks for a judgment for the difference between the actual value of the stock and the price paid. Another paragraph avers that the books of the corporation showed in February, prior to the filing of this suit in May, that there was $506 of accumulated profits, and that plaintiff is entitled to a *pro rata* division of such profits. Another paragraph of the complaint avers an indebtedness of the corporation to plaintiff in the sum of $7.50 for attending certain meetings of the board of directors. Another paragraph alleges that the officers and directors were elected at a stockholders' meeting over plaintiff's objection, and that the method of voting was irregular, etc. Another alleges that the corporation sold a quart of alcohol,

in violation of the laws of this state and of the United States. Another alleges that the individual defendants are in combination and collusion to conduct the business in their individual interest. Another paragraph avers that the individuals have falsely charged him with crime, and that they have trumped up false claims, and maliciously preferred base charges against him, etc.

A demurrer was filed in the superior court, alleging: (1) A misjoinder of causes of action; and (2) that the amended petition failed to state facts sufficient to constitute a cause of action. This demurrer was sustained by the superior court generally, without specifying whether upon the general grounds, or for the special reasons assigned; but, from a careful reading of the petition, we are inclined to think that it was good upon both grounds.

Thereafter, plaintiff obtained an order, transferring his cause from the superior to the district court, where he filed another amended petition, alleging in somewhat differnt language, but substantially to the same effect, all the matters and things stated in the other petition, and adding thereto another and independent cause of action, in that, through the fraud and procurement of the individual defendants, plaintiff ·had been wrongfully thrown out of the employ of the company, and because of which reason plaintiff had lost his salary for a ·number of months, which he would have otherwise made, and asking judgment therefor. In the district court, defendants interposed a motion to strike, on the ground that all the points, except the last one, were a mere repetition of· the allegations of ·the former petition, to which a demurrer had been sustained; and that the new cause of action alleged was at variance and inconsistent with the other alleged causes of action. This motion was sustained, and from this ruling this appeal is prosecuted.

As we have suggested heretofore, as to the ruling on the de-

murrer, we think there was a misjoinder of causes of action, in both the former and the last petition, and that the addition of the new ground in the last one left the new petition subject to the same criticism and objection. Whether or not the motion to strike was the best or proper way to reach the matter, the fact remains that the petition stricken was demurrable, on the ground of misjoinder of causes of action.

It may be added, before finally disposing of the matter, that in so far as plaintiff, a minority stockholder, seeks to protect the corporation by asserting and enforcing its right by a bill in equity, his petition utterly fails to give any sufficient reason why the corporation does not enforce its own rights. While it is true that under certain circumstances they may be enforced in a suit by stockholders, yet no condition has been shown, bringing this case within such rule, which has been stated in *Checotah Hdw. Co. v. Hensley*, 42 Okla. 260, 141 Pac. 422, as follows:

"The rule is that shareholders cannot ordinarily sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders, or some of them, and if the corporation refuses to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed."

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.