## STUART et al. v. ROBERTSON et al.

No. 16676—Opinion Filed June 22, 1926.

Rehearing Denied July 27, 1926.

1. **Banks and Banking — National Bank's Officers and Directors — Misfeasance — Personal Liability—Actions.**

In the management and control of national banks the officers and directors are charged by law with the duty of conducting its business with care, prudence, and honesty, and for any negligence or misfeasance resulting in legal detriment to stockholders or creditors, they are personally liable in an action properly brought for the purpose of determining such liability and the extent thereof.

2. **Same—Insolvency of Bank—Liability of Officers to Stockholders.**

The legal relations subsisting between direct-

ors and an individual stockholder are common to all similarly situated, and the insolvency of the bank through negligence and misfeasance of the officers and directors does not create a different legal relation between them and an individual stockholder, who has suffered loss, than the one common to all similarly situated.

### 3. Same.

Failure of an individual stockholder to act promptly, upon the discovery of insolvency and loss, to fix liability of recreant officers and directors for the common benefit of all similarly situated cannot give rise to an independent and distinct action for conspiracy and fraud in behalf of such individual stockholder after the stock of such individual has been forfeited for nonpayment of the double assessment, or secondary liability, thereon.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; Frank Mathews, Assigned Judge.

Separate actions by Sarah E. Stuart and others against N. A. Robertson and others, which actions were ordered consolidated in the trial court. From an order sustaining general demurrers to each of the petitions, and from a judgment based thereon plaintiffs bring error. Affirmed.

This action was commenced in the district court of Comanche county April 2, 1923, in which it was alleged in substance that Sarah E. Stuart, formerly Sarah E. Paschal, is the widow of Geo. M. Paschal, and that Virginia A. McBlain, nee Paschal, and Beverly Paschal are children of Geo. M. Paschal, and that Sarah E. Stuart is the legal guardian of Beverly Paschal, who is a minor; that Sarah E. Stuart owned 133 1-3 shares, and that each of the other plaintiffs owned 73 1-3 shares of the capital stock of the First National Bank of Lawton, Okla., of the par value of $100 each, and of the total value of $42.000; that defendants constituted a majority of the board of directors of said First National Bank and were in active management, control, and direction of said bank; that as such managing officers, having full control of the affairs of said bank, said defendants did, in violation of their obligations as such officers and directors, pursue a course of conduct by conspiracy among them, by which the funds of said bank were used to promote the private interest of said defendants in violation of their trust, and that said defendants as such officers permitted large and excessive loans upon false and fraudulent evidence of collateral, and made and permitted large and

excessive loans to parties with whom said defendants were personally, individually and collectively associated and interested financially, all in violation of the duties imposed upon them as such officers and of their trust; that by reason of the false and fraudulent acts of said defendants said bank became insolvent, and on December 8, 1921, was closed by the national Banking Department, and the shares of stock owned by plaintiffs became charged with an assessment of 100 per cent; that by reason of said assessment and the inability of plaintiffs to pay the same, plaintiffs were compelled to and did forfeit all interest and right in said shares of stock so owned by them, and forfeited and lost all of their interest as stockholders in said bank; that the closing of said bank and the loss of said shares and interest in said bank by plaintiffs were caused wholly by the false and fraudulent acts of said defendants in their manipulations of the affairs of said bank to their own personal interest and benefit, and by the willful and fraudulent conduct of said defendants in knowingly making and permitting large and excessive loans, in which said defendants were personally interested, although not made in the name of said defendants; that said acts were done secretly and plaintiffs had no opportunity or means of knowing or ascertaining the facts until after the doors of the bank were closed December 8, 1921; that by reason of the matters and things alleged, all of the property and interest of these plaintiffs represented by said shares of stock were lost through the willful, negligent, and fraudulent conduct of said defendants, and plaintiffs pray for judgment in the sum of $42,000 with interest from December 8, 1921.

Numerous amendments and supplemental pleadings were filed and several orders made by the court in response to motions, and upon the filing of general demurrers to the amended and supplemental petitions of plaintiffs, the same were by the court overruled and the cause came regularly to trial before the court and a jury, and after plaintiffs had introduced their evidence the court reconsidered its previous action upon the demurrers to the petitions and entered its order sustaining the same. Plaintiffs thereupon elected to stand upon their pleadings, and the court rendered judgment in favor of the defendants. To review this order and judgment of the trial court, plaintiffs have brought the case here by petition in error with a transcript of the record attached.

Black & Black, and Bailey & Hammerly, for plaintiffs in error.

Stevens & Cline, and Parmenter, Parmenter & O'Neal, for defendants in error.

Opinion by LOGSDON, C. The only question presented for determination in this proceeding is whether the trial court erred in sustaining the demurrer of defendants to the petitions of plaintiffs.

The contention of defendants upon the demurrers, and in this court, was and is that plaintiffs' right of action and form of remedy was in the nature of a bill in equity, brought promptly upon discovery of insolvency and loss; that in such action the receiver should have been made a party, and that the recovery should be for the benefit of all the stockholders, and its proceeds distributed as an asset of the insolvent bank.

Plaintiffs cite and rely upon the provisions of Comp. Stat. 1921, sec. 178, and on the cases of West v. Madansky, 80 Okla. 161, 194 Pac. 439; Owens v. Purdy et al., 90 Okla. 256, 217 Pac. 425; Bynum v. Strain, 95 Okla. 45, 218 Pac. 883, and Security National Bank v. Geck, 96 Okla. 89, 220 Pac. 373, which make application of that section. The section relied on reads:

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place there shall be, hereafter, but one form of action, which shall be called a civil action."

It is not considered that this language creates any new rights or imposes any new liabilities. It, together with section 263, Id., merely abolishes the distinction, often vague and shadowy, as to the form of the action, the substance of the pleadings, and the separate identity of the forum in which the issues shall be tried. (See cases cited, supra.)

Plaintiffs concede the correctness of the contentions of defendants, and the correctness of the court's ruling on the demurrers, if this action had been brought by them as stockholders under the provisions of Rev. St. U. S., sec. 5239. Plaintiffs insist, however, that their action is not thus brought. Their contention is thus epitomized in their brief:

"Plaintiffs are neither for nor against the corporation, the defunct First National Bank. Plaintiffs are not seeking to redress wrongs done to the corporation. Neither are they suing the corporation. They are suing private individuals for wrongs done to plaintiffs by defendants in conspiracy."

It is difficult to apprehend the legal differentiation thus sought to be made. The wrongs complained of and the damage alleged to have resulted grew out of the legal relations of the parties to each other—legal relations voluntarily assumed or continued. The entire detriment accrued during the subsistence of these relations, though it was not discovered until those relations ceased through insolvency of the bank. It was not as individuals that defendants did the alleged wrongful acts, but as officers and directors. It was not as individuals that plaintiffs suffered detriment and damage, but as stockholders in common with others similarly situated. No fraud or deceit was practiced on plaintiffs, nor was any illegal act performed to their detriment, which was not common to all persons similarly situated in their legal relations to defendants.

Under such circumstances it is not readily discernible how loss of their stock by plaintiffs through failure or inability to pay the double assessment, or secondary liability, as it is sometimes called, can create and bring about a different legal relation between them and the defendants than existed prior to the bank's insolvency. Plaintiffs have called the attention of this court to no authority sustaining this theory of a new legal relation arising by reason of the facts here shown. The authorities appear to be uniform and harmonious to the contrary: 7 C. J. 571, par. 183; Bolles' Law of Modern Banking, vol. 1, p. 299; Howe v. Barney et al., 45 Fed. 668; Gerner v. Thompson, 74 Fed. 125; Horner v. Henning, 93 U. S. 228; City Nat. Bank of Mangum v. Crow et al., 27 Okla. 107, 111 Pac. 210; Starr et al. v. Heald, 28 Okla. 792, 116 Pac. 188; Checotah Hardware Co. et al. v. Hensley, 42 Okla. 260, 141 Pac. 422.

In Howe v. Barney et al., supra, the court stated the uniform rule thus:

"A stockholder in an insolvent National Bank, for which a receiver has been appointed, cannot sue its directors to make them personally liable for the mismanagement of the bank, as the right of action is in the receiver, and not in the individual stockholder."

And in Bailey v. Mosher et al., 63 Fed. 488, it is said:

"The law will not allow one creditor to appropriate the whole liability of the directors to his own benefit. It is well settled that an injury done to the stock and capital of corporation by the negligence or misfeasance of its officers and directors is an injury done to the whole body of stockholders in common, and not an injury for which a single stockholder can sue. Smith v. Hurd. 12 Metc. (Mass.) 371; Howe v. Barney. 45 Fed. 668."

There is a well recognized rule which ren-

ders directors and officers of banks personally responsible to individuals who have been misled to their prejudice by false representations made to, or deceit practiced on, them concerning the condition of the bank, but this rule has no application to such a case as is here presented. Bolles' Modern Law of Banking, vol. 1, p. 374-6, and authorities cited in notes.

In this case it appears that about 16 months elapsed between the closing of the bank and the institution of this action, during which period of time plaintiffs ceased to be stockholders through forfeiture for nonpayment of the assessment. No reason is shown why the action was not sooner commenced, nor why plaintiffs delayed until their rights as stockholders had been declared forfeited before seeking relief. The case must be determined upon the record here presented and in conformity to established rules and recognized legal principles. In such situation no authority has been found justifying a vacation of the trial court's ruling on the demurrers, and its judgment based thereon is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 788 §788 §660: 3 R. C. L. p. 458: 1 R. C. L. Supp. p. 831. (2, 3) 7 C. J. p. 793 §678.