### APPEAL OF STEELE'S MILLS.

Docket Nos. 9531, 9532.    Decided September 23, 1926.

1. For lack of evidence, the determination of the Commissioner that the taxpayer is not entitled to assessment under section 328 of the Revenue Act of 1918 is approved.

2. On the evidence, *held*, that the taxpayer did not make a contribution during the taxable year for the erection of a school building for its employees.

*E. S. Parker, Jr., Esq.*, for the petitioner.
*Ward Loveless, Esq.*, for the Commissioner.

These are two appeals, one for the calendar year 1918, and the other for the calendar year 1919, from the determination of deficiencies in the amount of $16,256.06 for 1919, and in excess of $10,000 for 1918.

For the calendar year 1918, Docket No. 9532, the question involved is whether the taxpayer is entitled to have its taxes assessed under the provisions of section 328 of the Revenue Act of 1918. The deficiency for 1919, Docket No. 9531, arises from the refusal of the Commissioner to allow a deduction claimed by the taxpayer on account of a donation of $25,000 alleged to have been made during that year for the purpose of the erection of a school building, and the action of the Commissioner in reducing invested capital on account of the taxes for the preceding year.

### FINDINGS OF FACT.

Taxpayer is a North Carolina corporation engaged in the manufacture of cotton yarns and cloth, with its principal place of business at Rockingham.

During 1918 the taxpayer's gross income was $1,251,162.71. Its net income was $321,089.45. It paid $4,482 as salaries to its officers during that year.

The facts relating to the appeal in Docket No. 9531 for 1919, are as follows:

The Commissioner deducted from invested capital for 1919, $88,-075.25 representing the proration of the amount of $208,412.81, 1918 income and profits taxes.

During 1919 the taxpayer corporation issued its check in the amount of $25,000, payable to the directors of the corporation, for the purpose of erecting a suitable building for educational purposes. The money was to be expended by the directors of the corporation and the property was to be controlled by the board of directors. There was a directors' meeting on December 31, 1919, the minutes of which meeting are as follows:

At call of the president the directors of Steele's Mills met in his office at 3 : 30 P. M. December 31, 1919, the following directors being present, R. S. Ledbette, M. H. Folkes, L. S. Covington, W. B. Cole, J. W. Porter. The president stated that he had called the meeting to consider donating a sufficient fund to our employees for the purpose of erecting a school building at our mill. After a thorough discussion of the matter, on motion of L. S. Covington, and seconded by M. H. Folkes, the treasurer was authorized to donate to the operatives of Steele's Mills and their dependents, $25,000 for the purpose of erecting a suitable building for educational purposes, the money to be expended and property controlled by the board of directors of the Steele's Mills.

The plant of the taxpayer is located about four miles east of Rockingham. The taxpayer owned the houses in which the employees

lived and owned practically all the property in the village. Rock-ingham is a small town and the county school facilities were inadequate to afford proper school advantages to the children of the employees of the taxpayer. The taxpayer owned about 125 houses which were occupied by employees. There were about 250 employees. There were about ten other plants within a radius of about six miles of Rockingham.

In the fall of 1919 there was difficulty in securing and keeping employees. The employees desired employment at places where they could obtain good living conditions and educational advantages for their children. Some of the plants near the town had the advantage of good school facilities. The competing plants which were not so near towns were providing school facilities for their employees.

The school facilities at the taxpayer's plant were inadequate and it was necessary to build a new building. The taxpayer paid the teachers in the school, although they were county schools and were under county supervision. Efforts had been made without success to get the county to supply the necessary educational facilities. It was necessary to the successful operation of the plant that an adequate school building be erected.

No part of the fund was expended for any purpose during 1919. The fund was left on deposit in the bank subject to the check of the directors.

OPINION.

TRAMMELL: With respect to the question as to whether the taxpayer is entitled to have its taxes assessed under the provisions of section 328, the taxpayer has introduced no evidence from which the Board can find that there were any abnormalities affecting income or invested capital during the years involved. The deficiency letter states that the Commissioner had assessed taxes for 1918 under the provisions of section 328. We have no evidence that the Commissioner did not comply with the statute in the selection of comparatives and we are unable to find that the tax liability for that year was not correctly determined by the Commissioner.

For 1919, Docket No. 9531, the two questions involved are whether the taxes for 1918 should be prorated and deducted in determining invested capital for 1919, and the deductibility of an alleged donation of $25,000. On the first question section 1207 of the Revenue Act of 1926 is controlling. That section is as follows:

The computation of invested capital for any taxable year under the Revenue Act of 1917, the Revenue Act of 1918, and the Revenue Act of 1921, shall be considered as having been correctly made, so far as relating to the inclusion

in invested capital for such year of income, war-profits, or excess-profits taxes for the preceding year, if made in accordance with the regulations in force in respect of such taxable year applicable to the relationship between invested capital of one year and taxes for the preceding year.

In view of this provision of the statute we must hold that the action of the Commissioner with respect to the reduction of invested capital is correct.

The check which the taxpayer issued in the amount of $25,000 for the purpose of the erection of the school building, was issued on December 31, 1919, to the board of directors of the corporation. No part of the fund was paid during 1919 for any purpose, so that the question is whether the taxpayer actually made a donation during 1919 for the purpose of erecting the school building. The fund was separated from the funds of the taxpayer only in that it was credited in the name of the directors of the corporation rather than in the name of the corporation itself. We are of the opinion that the board of directors were merely acting for and in behalf of the corporation when it received the check. The funds did not leave the control of the corporation until the money was paid out in the construction of the building. In order to constitute a gift or contribution there must be an actual delivery of the gift; that is, the gift must be complete. There must be a donee who receives the gift, either actually or constructively, and the donor must become divested of ownership and control over it. *Partridge* v. *Kearns*, 53 N. Y. S. 154.

Under the provisions of chapter 21 of Pell's Code of North Carolina, the directors of a corporation are its managers. They are considered to be the agents of the corporation through which it carries on its business transactions. *Coble* v. *Beall*, 130 N. C. 533; 41 S. E. 793.

The payment of $25,000 by the corporation was made to its managers and agents. A delivery to a third person as the agent of the donor is insufficient to meet the requirements of a gift or contribution until there is an actual delivery to the donee or the donee's agent. *Bickford* v. *Mattocks*, 50 Atl. 894.

In view of the foregoing, it is our opinion that there was no actual gift or contribution made by the taxpayer during 1919. For that reason it is our opinion that the taxpayer is not entitled to a deduction on account of the $25,000 paid to its directors during 1919 for the purpose of the erection of a school building. It is unnecessary for us to determine whether the contribution is deductible in determining the taxpayer's net income for 1920, since that year is not before us.

*Judgment for the Commissioner.*