TANKERSLEY INV. CO. ex rel. TANKERSLEY v. TANKERSLEY et al.

No. 32145.   Jan. 27, 1948.

*189 P. 2d 415.*

Cantrell, Carey & McCloud and Edward M. Box, all of Oklahoma City, for plaintiffs in error.

Dudley, Duvall & Dudley, Looney, Watts, Fenton & Eberle, and Cruce, Satterfield & Grigsby, all of Oklahoma City, for defendants in error.

HURST, C.J.   Dan Tankersley and Mary Tankersley, copartners doing business as Tankersley Construction Company, and Tankersley Construction Company, a corporation, commenced this action, No. 108638, in the district court of Oklahoma county, against M. E. Trapp, Lou S. Strang Trapp, and M. E. Trapp, Jr., copartners, doing business under the firm name of M. E. Trapp Associated, M. E. Trapp, individually, and Liberty National Bank, Oklahoma City, for an accounting in connection with a construction enterprise carried on by the plaintiffs and defendants, other than the bank, as a joint adventure in building army installations, for a dissolution of the joint adventure, and for distribution of the funds on hand and on deposit in said bank.   Earl Tankersley asked leave to intervene on behalf of Tankersley Investment Company, a corporation, and from an order denying intervention, he appealed.

Earl Tankersley alleged in his plea of intervention that Tankersley Investment Company was placed in receivership by the fraud and collusion of Dan Tankersley, the other stockholder of Tankersley Investment Company; that he, as a stockholder, requested the receivers to intervene in this cause but that they neglected and refused to intervene on behalf of the corporation; that he then filed an application with the district court of Tulsa county, in the receivership cause, asking the court to authorize him to intervene on behalf of the corporation but that such application was denied.

Appellant contends that in view of the fact that he endeavored to get the receiver to intervene in this cause and endeavored to secure permission from

the court to authorize him to do so, he may now lawfully intervene and prosecute the claim of Tankersley Investment Company. He cities the following authorities to establish that under certain circumstances stockholders may maintain or defend actions on behalf of corporations after a demand has been made upon the directors to bring or defend such an action and such demand has been refused or where it is shown that such a request would be futile and therefore unnecessary: Bentley v. Zelma Oil Co., 76 Okla. 116, 184 P. 131; Greer Inv. Co. v. Booth, 62 Fed. 2d 321; Starr v. Heald, 28 Okla. 792, 116 P. 188; Smith v. Oklahoma Supply Co., 46 Okla. 776, 149 P. 879; Gaines v. Gaines Bros. Co., 176 Okla. 583, 56 P. 2d 863; Whittaker v. Brictson Manufacturing Co., 43 Fed. 2d 485. This can be conceded, but this rule has no application where the corporation is in receivership, for then the directors are without power to proceed.

In Klien v. Peters, 284 Fed. 797, the applicable rule is stated thus:

"It is the general rule that, where a corporation is in the hands of a receiver, a stockholder cannot sue without the sanction of the court appointing the receiver. And it is further the general rule that such a stockholder cannot sue, even where the court has granted him permission to do so, where there is no order purporting to assign to him or confer on him the right to enforce the claim vested in the receiver. The property of the corporation, which would include claims of action on behalf of the corporation, is in the possession and custody of the court, held by the receiver as an officer of the court. In a suit by a stockholder in behalf of the corporation, the real controversy is between the corporation and the person whose acts are complained of, and the suit is for the benefit, not of the individual but of all the stockholders. Where the corporation is in the hands of a receiver the right of action by the receiver to protect the interest of the corporation is exclusive. We believe such is practically the unanimous voice of the authorities."

Appellant urges that intervention was required to be permitted in this case without the consent of the court which appointed the receiver for the corporation. He cites the following authorities as being contrary to the rule enunciated in Klein v. Peters, above, or to establish exceptions to it: Coble v. Beall, 130 N.C. 533, 41 S.E. 793; Douglass v. Dawson, 190 N.C. 458, 130 S.E. 195; Farwell v. Great Western Tel. Co., 161 Ill. 522, 44 N.E. 891; Ham v. Norwood, 196 N.C. 762, 147 S.E. 291; Mercantile Com. Bank v. Southwestern Indiania C. Corp., 93 Ind. A. 313, 169 N.E. 91; Planten v. National Nassau Bank, 16 N.Y.S. 297; Reed v. Hollingsworth, 157 Iowa, 94; 135 N.W. 37, and 29 A.L.R. 1503, 1505. In none of these cases was there a denial of a request made upon the court appointing the receiver for either an order directing the receiver to bring or defend an action or for an order granting authority to the stockholder to do so.

Appellant's contention and argument neither presents nor meets the precise question before us. That question is whether one court must allow intervention by a stockholder in behalf of a corporation in receivership because of the refusal, after demand, by the receiver to proceed, after another court appointing the receiver has refused to direct the receiver to sue and has denied the stockholder permission to make such an intervention.

In Porter v. Sabin, 149 U. S. 478, 13 S. Ct. 1008, it is said:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. . . . It is for that court, in its discretion, to decide whether it will determine for itself all claims of or

634

against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as in its judgment may be most beneficial to those interested in the estate."

In Swope v. Villard, 61 Fed. 417, it is said:

"The refusal of the court to direct suit upon an alleged cause of action would seem to prevent a stockholder from suing thereon, than to give occasion for his doing so, unless the court expressly authorized him to sue."

We are unable to say that the trial court erred in denying appellant, as a stockholder, leave to intervene in behalf of the corporation in receivership after the court which appointed the receiver, and in which the assets were being administered, denied him permission to make such an intervention. To do so would, in effect, be to hold that the court in which intervention is sought could determine whether the other court of concurrent jurisdiction which appointed the receiver abused its discretion in denying the order sought.

Affirmed.

DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.