**T. A. DOBRY, Plaintiff In Error,**

v.

**The YUKON ELECTRIC CO., et al.,**
**Defendants In Error.**

No. 36649.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Rehearing Denied Nov. 22, 1955.

Frantz C. Conrad, Oklahoma City, for plaintiff in error.

A. Francis Porta, Joseph P. Weaver, El Reno, for defendants in error.

JACKSON, Justice.

Plaintiff has appealed from an order of the trial court sustaining a general demurrer to his amended petition and judgment in favor of defendants upon plaintiff's refusal to plead further.

In substance, plaintiff alleged in his first cause of action that he was, at all times therein mentioned, the record owner of 16 shares of the capital stock of the Yukon Electric Company; that the defendants, John F. Kroutil, Norman Kroutil and Raymond Kroutil were at all times material to this action, officers and directors of both the defendant companies, The Yukon Electric Company and The Yukon Mill and Grain Company; that the two companies, acting through their boards of directors, entered into an unlawful and fraudulent conspiracy whereby The Yukon Electric Company purchased electricity from The Yukon Mill and Grain Company at the price of two cents per kilowatt hour when at all times it could have been purchased at one-half cent per kilowatt hour from other available markets; that the payment of the alleged excessive price for electricity by The Yukon Electric Company resulted in plaintiff being deprived of his rightful share of dividends of The Yukon Electric Company in the amount of $7,000 for 1951, $7,000 for 1952 and $5,000 for 1953, all of

which was diverted to The Yukon Mill and Grain Company and its three directors, defendants named therein. Plaintiff prayed for judgment on his first cause of action against all of said defendants in the amount of $19,000.

The same allegations were made in the second cause of action and, in addition thereto, that the acts of the defendants as set forth diverted the profits of The Yukon Electric Company to The Yukon Mill and Grain Company and thereby depressed the value of plaintiff's stock; that without such diversion of profits, plaintiff's stock would have had a reasonable market value of $250 a share but because of the action of defendants in withdrawing the funds of The Yukon Electric Company, its reasonable market value was reduced to $125 a share; that on October 6, 1953, plaintiff sold his stock for $125 a share which was the best price obtainable and thereby sustained a loss of $20,000 for which plaintiff sought judgment against each of the defendants.

It will be observed that the actions of the defendant directors about which the plaintiff complains, that of purchasing electricity, arose in the discharge of their duties as directors, and in the performance of the necessary functions of the corporation.

The question presented on this appeal is whether a stockholder in a corporation, or one who has been a stockholder, has a remedy at law for recovery of damages suffered by himself by reason of the wrongful acts of the directors which resulted in direct injury to the corporation and only consequential injury to the stockholder, either by depriving him of dividends which he might otherwise have received or by depressing the value of his stock.

 It seems to be the universal rule that the remedial rights of minority stockholders with respect to wrongs committed against the corporation by the directors in the management of corporate affairs are derivative rights and any action taken by the stockholders to redress such wrongs must be for the benefit of the corporation.

Chapter 58, Fletcher Cyclopedia Corporations, Vol. 13, Section 5914, states the following rule:

"If the plaintiff has sustained no loss in addition to the loss to the corporation, the action cannot be maintained as an individual even though the wrongful acts were done with the specific intent of injuring the plaintiff."

An exhaustive study of the question is found in 167 A.L.R. 279–299. The general rule precluding personal actions, set out at page 280, is as follows:

"In view of the legal concept of corporate entity under which stockholders as such lose their individualities in the individuality of the corporation as a separate and distinct person, and of the fact that stockholders by investing their money in the corporation recognize it as the person primarily entitled to control and manage its use for the common benefit of all the stockholders, it is a well-established general rule that a stockholder of a corporation has no personal or individual right of action against third persons, including officers and directors of the corporation, for a wrong or injury to the corporation which results in the destruction or depreciation of the value of his stock, since the wrong thus suffered by the stockholder is merely incidental to the wrong suffered by the corporation and affects all stockholders alike."

A search of the authorities fails to reveal any decisions not following this general rule.

Plaintiff relies upon the case of Dill v. Johnston, 72 Okl. 149, 179 P. 608, to support his contention that the court may grant direct relief to the minority stockholder.

A review of that case, however, reveals the facts to have been that the corporation had long since ceased to function and was not a going concern at the time action was commenced by the stockholder; that the defendant, as the only other stockholder and as the only officer of the corporation, had sold all of its assets and had appropriated the proceeds to his own use. The court sustained a judgment in favor of plaintiff for an amount equal to the value of his aliquot share of the capital assets of the corporation.

The court there recognized the rule that a stockholder generally cannot sue in his own name for direct relief, but held that the facts of that case brought it under an exception to the general rule in that the corporation had ceased to function and since its physical assets had been converted into cash, the stockholder was entitled to his distributive share of its capital assets.

■ The case of Stuart v. Robertson, 118 Okl. 259, 248 P. 617, 619, is more nearly in point with the case at bar. There the minority stockholders brought an action for damages against the directors of an insolvent bank alleging the mismanagement of the affairs of the bank by the directors had resulted in its insolvency and the levy of a double assessment against the shares of plaintiffs' stock which caused a forfeiture of plaintiffs' stock upon plaintiffs' failure to pay the double assessment. In the body of the opinion this court said:

"It was not as individuals that plaintiffs suffered detriment and damage, but as stockholders in common with others similarly situated. No fraud or deceit was practiced on plaintiffs, nor was any illegal act performed to their detriment, which was not common to all persons similarly situated in their legal relations to defendants."

In the third syllabus therein, the court held:

"Failure of an individual stockholder to act promptly, upon the discovery of insolvency and loss, to fix liability of recreant officers and directors for the common benefit of all similarly situated, cannot give rise to an independent and distinct action for conspiracy and fraud in behalf of such individual stockholder after the stock of such individual has been forfeited for nonpayment of the double assessment, or secondary liability, thereon."

See, also, Smith v. Oklahoma Supply Co., 46 Okl. 776, 149 P. 879; Gaines v. Gaines Bros. Co., 176 Okl. 583, 56 P.2d 863 and Garrett v. Downing, 185 Okl. 77, 90 P.2d 636.

■ In the instant case the plaintiff did not allege in either cause of action, that he sustained any loss in addition to the loss sustained by the corporation. His loss was only incidental to the corporation's loss and under the rules set forth herein, his rights were derivative. His only remedy then was through a derivative action brought on behalf of the corporation. His petition therefore did not allege a cause of action for damages and an order sustaining a demurrer thereto was proper.

Judgment affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON and HALLEY, JJ., concur.